1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11   MARCUS J. MOORE,                    Case No.: 24cv626-LL-BLM
     CDCR #T-42797,
12                                       **ORDER:**
                             Plaintiff,
13                                       **(1) GRANTING RENEWED**
                  vs.                        **MOTION TO PROCEED IN**
14                                           **FORMA PAUPERIS; AND**
     G. ESPINOZA, Correctional Officer;
15   J. MOSS, Correctional Officer;      **(2) DIRECTING U.S. MARSHAL**
     H. PARA, Correctional Officer;          **TO EFFECT SERVICE OF**
16   RIVAS, Correctional Officer;            **SUMMONS AND COMPLAINT**
     CASTRO, Correctional Sergeant;          **PURSUANT TO 28 U.S.C. §**
17   JHON Doe 1, Correctional Officer;       **1915(d) AND Fed. R. Civ. P.**
     JHON Doe 2, Correctional Officer,       **4(c)(3)**
18
                          Defendants.
19
20                                       **[ECF No. 9]**
21
22
23
24
25
26
27
28

                                  1

Plaintiff Marcus J. Moore ("Plaintiff"), currently incarcerated at the Santa Rita Jail, in Dublin, California, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1, Complaint ("Compl."). Plaintiff initially filed his Complaint in the Eastern District of California with a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915. However, the case was transferred here on March 28, 2024, pursuant to 28 U.S.C. § 1406(a) because Plaintiff alleges several correctional officials employed by Richard J. Donovan Correctional Facility ("RJD") in San Diego, used excessive force against him while he was incarcerated there in September 2023. *See* ECF No. 4. On April 9, 2024, the Court denied Plaintiff leave to proceed IFP because he failed to comply with 28 U.S.C. § 1915(a)(2), but granted him leave to correct this deficiency. *See* ECF No. 7. On May 17, 2024, Plaintiff filed a renewed IFP motion, and on June 6, 2024, he submitted the trust account statements required by 28 U.S.C. § 1915(a)(2). *See* ECF Nos. 9, 10.

For the reasons explained, the Court **GRANTS** Plaintiff's renewed Motion to Proceed IFP, conducts a preliminary screening of his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), finds it alleges plausible Eighth Amendment excessive force claims, and directs the United States Marshal to effect service of process upon the named Defendants pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3) on Plaintiff's behalf.

## I.    RENEWED MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The $55 administrative portion of the fee does not apply to persons granted leave to proceed IFP. *Id.*

to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

While "[t]he previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' . . . [t]he PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court shall assess and when funds exist, collect an initial partial filing fee, which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). Thus, while prisoners may qualify to proceed IFP without having to pay the statutory filing fee in one lump sum, they nevertheless remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Plaintiff's renewed requests comply with both 28 U.S.C. § 1915(a)(1) and (2). In support of his renewed IFP Motion, Plaintiff has now submitted a prison certificate and certified copies of his California Department of Corrections and Rehabilitation ("CDCR")

Inmate Trust Account Statement Report. *See* ECF No. 10 at 1–3; *see also* S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff maintained an average monthly balance of $35.78 in his prison trust account and had $42.50 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint. At the time of filing, however, Plaintiff's available balance was only $7.00. *See* ECF No. 10 at 1, 2.

Accordingly, the Court **GRANTS** Plaintiff's renewed Motion to Proceed IFP and assesses an initial partial filing fee of $8.50 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The CDCR must thereafter collect the full balance of the $350 total fee owed in this case and forward payments to the Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

## II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(a)

### A.   Standard of Review

Because Plaintiff is a prisoner and proceeding IFP, his Complaint requires an initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Under these statutes, the Court must sua sponte dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"

*Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court "ha[s] an obligation where the petitioner is pro se, particularly in a civil rights case, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). It may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## B.    Discussion

The Court has reviewed Plaintiff's Complaint and finds it contains Eighth Amendment excessive force allegations sufficient to survive the "low threshold" set for sua sponte screening. *See Watison,* 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121, 1123.

Specifically, while Plaintiff provides no factual background leading up to the incident, he claims on September 15, 2023, RJD Correctional Officer Espinoza "shot [him] in the back of [his] head with a block gun at point blank range." *See* Compl. at 4. Plaintiff alleges he "was gone for a few hours," only to be awakened by Correctional Officers Para, Moss, and Rivas who were "choking" and "punching and kicking" him in the face, head, back, stomach. *Id.* Officer Espinoza and Correctional Sergeant Castro also joined in the

beating, while Castro and Para "tr[ied] to shoot [him] in the neck with a needle," told him it was Fentanyl, and that the "boss" wanted him dead and for his "head to be cut off." *Id.* Plaintiff alleges the correctional officials only stopped when other inmates "started to kick on their doors." *Id.*

Once he was transported to the triage treatment area, Plaintiff contends Jhon Doe 1 "placed mechanical restraint around [his] neck and started to choke [him]," and Jhon Doe 2 "took [his] legs," and "started to hit [him] in the side. *Id.* Plaintiff alleges both Does told him he would be "cut up and buried somewhere, w[h]ere no one would find [him]." *Id.* Plaintiff claims he suffered PTSD, a liver lesion, head trauma, a busted lip, black eye, broken teeth, skull and spinal fracture subluxation, and contusions to his face, back, neck, and legs as a result of the September 15, 2023 incident. He further alleges to have exhausted his administrative remedies before bringing suit. *Id.*

Unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). For claims arising out of the use of excessive physical force, the Court considers "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted). Here, nothing in Plaintiff's Complaint suggests Defendants needed to use force in good faith to restore order or to ensure or maintain Plaintiff's compliance with any order. *See Hudson*, 507 U.S. at 7; *cf. Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (noting that "[w]here a prison security measure is undertaken to resolve a disturbance . . . that indisputably poses significant risks to the safety of inmates and prison staff . . . the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'") (citation omitted). Instead, Plaintiff's allegations, presumed as true, are sufficient to plausibly suggest Defendants' actions on September 15, 2023, were excessive under the circumstances. *See Iqbal*, 556 U.S. at 678; *see also Bahena*

*v. Corvera*, 2024 WL 2087332, at *1 (E.D. Cal. Apr. 8, 2024) (finding prisoner's Eighth Amendment excessive force claim against officer alleged to have shot him in the head with a 40 mm launcher block gun sufficient to survive initial screening pursuant to 28 U.S.C. § 1915A); *see also Kendall v. Galindo*, 2023 WL 4372700, at *2 (N.D. Cal. July 6, 2023) (finding allegations that correctional officers "yanked" the arms and shoulders of a non-resistant prisoner already cuffed from behind, "dragged" him across the floor, and then repeatedly "slammed him face-first into the floor" after he requested to speak to a supervisor sufficient to state a cognizable Eighth Amendment claim of excessive force); *Bell v. Martel,* 2017 WL 1353739, at *2 (E.D. Cal. Apr. 12, 2017) (finding prisoner's allegations of having sustained a "bloody nose, two black eyes, ruptured veins in both eyes, bruises, back pain, and a skull fracture" as the result of have been punched in the face during a cell extraction sufficient to survive initial screening pursuant to 28 U.S.C. § 1915A(b)).

Thus, because the Court finds Plaintiff's Eighth Amendment excessive force allegations are "sufficient to warrant . . . an answer," it will direct U.S. Marshal service upon Defendants Espinoza, Moss, Para, Rivas, and Castro on his behalf.[2] *See Wilhelm*, 680

---

[2] While the Court Plaintiff's Eighth Amendment allegations involving Jhon Does 1 and 2 are also sufficiently pleaded to survive initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), he must first identify these persons, submit an amended pleading and/or file a motion to substitute each Doe's true name, *and* request U.S. Marshal service upon each of these individuals as required by Federal Rule of Civil Procedure 4 before any claims alleged against the currently unidentified Does may proceed. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) ("Doe defendants must be identified and served within [90] days of the commencement of the action against them."); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, and in most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States

F.3d at 1123; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III.  CONCLUSION

For the reasons discussed, the Court:

1.     **GRANTS** Plaintiff's renewed Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 9].

2     **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $8.50 initial filing fee assessed, if those funds are available at the time this Order is executed, and forward whatever balance remains of the full $350.00 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Phillips' account exceeds $10.00 pursuant to 28 U.S.C. § 1915(b)(2).

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, via U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4.     **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint [ECF No. 1] and forward it to him along with blank U.S. Marshal Form 285s for Defendants Espinoza, Moss, Para, Rivas, and Castro only. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve these named Defendants. Upon receipt of this "IFP Package," Plaintiff

---

Marshal cannot serve a summons and complaint on an anonymous defendant."). However, where the identity of parties is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify unknown Does, unless it is clear that discovery would not uncover their identities, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

must complete the Form 285s as completely and accurately as possible, include an address where Defendants Espinoza, Moss, Para, Rivas, and Castro may be found and/or subject to service, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants Espinoza, Moss, Para, Rivas, and Castro at the addresses provided by Plaintiff on the USM Form 285s provided, and to file executed waivers of personal service upon these named Defendants with the Clerk of Court as soon as possible after their return. Should Defendants Espinoza, Moss, Para, Rivas, or Castro fail to return the U.S. Marshal's requests for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Return(s) with the Clerk of Court, include the date the summons, Complaint, and request(s) for waiver were mailed to each Defendant, and indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if any Defendant located within the United States fails without good cause to sign and return the waivers requested by the Marshal on Plaintiff's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendants Espinoza, Moss, Para, Rivas, and Castro, once served, to reply to Plaintiff's Complaint, and any subsequent pleading Plaintiff may file in this matter in which they are named as parties, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face of the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to

serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  June 27, 2024

Honorable Linda Lopez
United States District Judge

24cv626-LL-BLM