UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS J. MOORE,<br><br>          Plaintiff,<br><br>v.<br><br>G. ESPINOZA, et al.,<br><br>          Defendant. | Case No.:  24CV626-LL(BLM)<br><br>**ORDER (1) DENYING DEFENDANTS' EX PARTE MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE, (2) VACATING EARLY NEUTRAL EVALUATION CONFERENCE, AND (3) ISSUING SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br><br>**[ECF No. 21]** |

The above-entitled matter was transferred to this Court from the Eastern District of California on April 2, 2024. ECF No. 5. Plaintiff is proceeding *pro se* and *in forma pauperis*. ECF No. 11; see also Docket.

On September 17, 2024, Defendants answered Plaintiff's complaint. ECF No. 19.

On September 18, 2024, the Court issued a Notice and Order for Early Neutral Evaluation Conference and Case Management Conference. ECF No. 20. The Court scheduled the conferences for November 5, 2024 and ordered defense counsel to "contact the correctional facility to make any further arrangements necessary to ensure Plaintiff's appearance by videoconference." Id. at 1. The Court noted that "[i]f the facility does not have videoconference capabilities, Defendant may coordinate Plaintiff's appearance by telephone, using the telephone number that will be provided in the videoconference invitation." Id.

1

On October 21, 2024, Defendants filed an *Ex Parte* Motion to Continue ENE Conference. ECF No. 21. Defendants seek to continue the Early Neutral Evaluation Conference ("ENE") because Plaintiff is currently housed in the Alameda County Jail awaiting his December 3, 2024 court date in another matter and Defendants "were told that the jail cannot accommodate any videoconference or telephonic appearances." Id. at 1-2.

Because Civil Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of an answer[1] and based upon Defendants' representations regarding Plaintiff's availability, the Court **DENIES** Defendants' motion to continue the ENE**,** finds an ENE inappropriate at this time[2], and **VACATES** the November 5, 2024 ENE. Accordingly, the Court issues the following orders:

1. Counsel[3] shall refer to Judge Lopez's Chambers Rules for Civil Cases, as well as the undersigned magistrate judge's chambers rules, which are accessible via the Court's website at www.casd.uscourts.gov.

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **December 23, 2024**.

3. All fact discovery shall be completed by all parties on or before **May 23, 2025**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a). All discovery motions must be filed within 30 days of the service of an objection, answer or response

---

[1] Defendants filed an answer in this matter on September 17, 2024. ECF No. 19. Forty-five days from September 17, 2024 is November 1, 2024.

[2] See CivLR 16.1(c)(1) (explaining that "[t]he judicial officer will hold such conferences as he or she deems appropriate").

[3] References to "counsel" throughout this order include any party representing himself or herself.

which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Barbara L. Major's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

4. The parties shall designate their respective experts in writing on or before **June 20, 2025**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The deadline for exchange of rebuttal experts shall be on or before **July 4, 2025**. Expert designations shall include the name, address, and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence**.

5. All expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) shall be served on all parties on or before **August 8, 2025**. Any contradictory or rebuttal information shall be disclosed on or before **August 22, 2025**. In addition, Federal Rule of Civil Procedure 26(e) imposes a duty on the parties to supplement the expert disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) by the time that pretrial disclosures are due under Federal Rule of Civil Procedure 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule**

**of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

  6. All expert discovery shall be completed by all parties by **September 19, 2025**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

  7. All pretrial motions, which includes *Daubert* motions but excludes motions in limine, shall be filed on or before **October 20, 2025**. Counsel for the moving party shall set the motion hearing date 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Lopez's chambers for a motion hearing date. The parties should review Judge Lopez's Chambers Rules for Civil Cases for the additional requirements for noticed motions before Judge Lopez.

  Pursuant to Civil Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Civil Local Rule 7.1.e.2 or face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1.f.3.c.

  8. A Mandatory Settlement Conference shall be conducted on **October 27, 2025** at **9:30 a.m.** via videoconference with **Magistrate Judge Barbara L. Major**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference. Since Plaintiff is proceeding *pro se* and is incarcerated in a penal institution, counsel for <u>Defendants must contact the correctional facility to make any further arrangements necessary to ensure Plaintiff's appearance by videoconference. If the facility does not have videoconference capabilities, Defendant may coordinate Plaintiff's appearance by telephone, using the telephone number that will be provided in the videoconference invitation.</u>

  a. **Appearance via Videoconference Required**: All parties, adjusters for insured

parties, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **<u>via videoconference</u>** <u>and legally and factually prepared to discuss settlement of the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference. Counsel for a government entity is excused from this requirement so long as the government attorney who attends the MSC conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.</u>

Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. **Motions seeking a waiver of the personal appearance requirement must establish good cause and be filed at least five (5) court dates prior to the conference.** Failure to appear at the MSC conference will be grounds for sanctions.

b. The Court will use its official Zoom video conferencing account to hold the MSC. **IF YOU ARE UNFAMILIAR WITH ZOOM**: Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[4] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom, and familiarize themselves with Zoom in advance of the MSC.[5] There is a cost-free option for creating a Zoom account.

c. Prior to the start of the MSC, the Court will e-mail each MSC participant an

---

[4] Participants should use a device with a camera to fully participate in the video conference. If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices may offer inferior performance.

[5] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

invitation to join a Zoom video conference.  Again, if possible, <u>participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance</u>.  Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device will be prompted to download and install Zoom before proceeding when they click on the ZoomGov Meeting hyperlink**.  Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

     d.     Each participant should plan to <u>join the Zoom video conference at least five minutes before the start of the MSC</u> to ensure that the MSC begins promptly at **<u>9:30 a.m.</u>** **The Zoom e-mail invitation may indicate an earlier start time, but the MSC will begin at the Court-scheduled time**.

     e.     Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC.  That is, the Court will begin the MSC with all participants joined together in a main session.  After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[6]  In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence.  Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

     f.     No later than **<u>October 17, 2025</u>**, counsel for Defendants must send an e-mail to the Court at **efile_Major@casd.uscourts.gov** containing the following:

     i.     The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

     ii.     An **e-mail address for each participant** to receive the Zoom video

---

[6] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

conference invitation; and

  iii. A **telephone number where each participant may be reached** so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference. (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

 g. All participants must display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person. Because Zoom may quickly deplete the battery of a participant's device, <u>each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference</u>.

 h. **<u>Full Settlement Authority Required</u>**: In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[7] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling

---

[7] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>See</u> <u>Nick v. Morgan's Food, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

     i. **Confidential Settlement Statements Required**: No later than by **October 17, 2025**, the parties shall submit directly to Magistrate Judge Major's chambers (**efile_major@casd.uscourts.gov**) confidential settlement statements no more than ten (10) pages in length. **These confidential statements shall not be filed or served on opposing counsel**. Each party's confidential statement must set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement positions, including any previous settlement negotiations, mediation sessions, or mediation efforts, the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order. It is assumed that all parties will negotiate in good faith. **In addition, the MSC statement for Defendants must include**: (1) the time remaining on Plaintiff's sentence; (2) any restitution amount owed by Plaintiff; and (3) Plaintiff's prisoner civil rights litigation history and the results of any prior litigation.

Defendants' statement must be lodged in .pdf format via email to **efile_major@casd.uscourts.gov** (not filed). Plaintiff's statement may be mailed to:

**Chambers of Magistrate Judge Barbara L. Major**

**333 West Broadway, Suite 1180**

**San Diego, California 92101**

     j. **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **joint motion**, or—if the motion is opposed—a **written *ex parte* application** filed by the party seeking the continuance in compliance with

Chambers rules. The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 83.3(g), and (3) report the position of opposing counsel or any unrepresented parties subject to the Order. **Absent good cause, requests for continuances will <u>not</u> be considered unless submitted <u>in writing</u> no fewer than (7) days prior to the scheduled conference**.

**<u>If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear via videoconference, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference</u>**.

9. For bench trials before Judge Lopez, counsel shall file their Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f) and take any other action required by Civil Local Rule 16.1(f) on or before **<u>January 22, 2026</u>**. In jury trials before Judge Lopez, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f).

10. Counsel shall comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **<u>January 15, 2026</u>**. **Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37**.

11. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) on or before **<u>January 22, 2026</u>**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

a. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

b. A list of the causes of action to be tried, referenced to the complaint (and counterclaim if applicable). For each cause of action, the order shall succinctly list the elements of the claim, damages/remedies, and any defenses. A cause of action in the complaint (and/or counterclaim) which is not listed shall be dismissed with prejudice.

c(1). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

c(2). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

c(3). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

d(1). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. Plaintiff's exhibits must be identified numerically, starting with "1," and Defendant's alphabetically, starting with A to Z, then AA to AZ, then BA to BZ, etc.

d(2). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

e. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury at the beginning of trial.

f. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

g. Whether the case will be tried by jury or by the Court without a jury.

h. Estimated number of hours per side for trial.

i. Counsel will note any objections they have to any other parties' Federal Rules of Civil Procedure 26(a)(3) pretrial disclosures.

Counsel shall cooperate in the preparation of the proposed pretrial order. The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

12. Counsel for Plaintiff will be responsible for preparing the proposed pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). On or before **January 29, 2026**. Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's counsel

concerning any objections to form or content of the proposed pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the proposed pretrial order.

13. The proposed pretrial order, including objections to any other party's Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures, shall be lodged with the district judge's chambers on or before **February 5, 2026**, and shall be in the form prescribed in Civil Local Rule 16.1(f)(6) and this Order.

14. The filing deadline and hearing date for motions *in limine* will be set at or after the final Pretrial Conference.

15. The final Pretrial Conference is scheduled on the calendar of the Honorable Linda Lopez on **February 19, 2026** at **10:00 a.m**. in **Courtroom 5D**.

16. A post-trial settlement conference before a magistrate judge may be held within thirty days of verdict in the case.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five pages in length without leave of a district judge. No reply memorandum shall exceed ten pages without leave of a district judge. Briefs and memoranda exceeding ten pages in length shall have a table of contents and a table of authorities cited.

19. Defense counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated: 10/22/2024

Hon. Barbara L. Major
United States Magistrate Judge