UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS J. MOORE,<br><br>        Plaintiff,<br><br>v.<br><br>G. ESPINOZA, et al.,<br><br>        Defendants. | Case No.: 24-cv-0626-LL (BLM)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**ECF No. 28** |

On June 6, 2025, Marcus Moore ("Plaintiff") filed a Motion Requesting Appointment of Counsel ("Mot.") pursuant to 28 U.S.C. § 1915(e)(1). ECF No. 28.

**PROCEDURAL BACKGROUND**

Plaintiff is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C § 1983. See ECF No. 1. Plaintiff initially filed his Complaint in the Eastern District of California with a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915. However, the case was transferred to this Court on March 28, 2024, pursuant to 28 U.S.C. § 1406(a) because Plaintiff alleges several correctional officials employed by Richard J. Donovan Correctional Facility ("RJD") in San Diego, used excessive force against him while he was incarcerated there in September 2023. See ECF No. 4.

On June 27, 2024, United States District Judge Linda Lopez granted Plaintiff's Motion to Proceed IFP, conducted the required preliminary screening of his Complaint pursuant to 28

U.S.C. §§ 1915(e)(2) and 1915A(a), and his Eighth Amendment excessive force claims to be plausible. ECF No. 11. As a result, District Judge Lopez directed the United States Marshal to effect service of process of Plaintiff's Complaint on the named Defendants pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). See id. On September 17, 2024, the Defendants filed an Answer to Plaintiff's Complaint. ECF No. 19.

## DISCUSSION

Plaintiff asks the Court to appoint him counsel because he is unable to "litigate a 1983 civil suit from the confines of the Alameda County Jail or any other penal institution the Plaintiff may be housed." Mot. at 2. Nonetheless, "[t]here is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)); see also Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Rand, 113 F.3d at 1525. A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)); see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees that trained counsel might be better suited to present evidence on his behalf and to defend his interests. Indeed, any pro se litigant "would be better served with the assistance of counsel." Rand, 113 F.3d at 1525 (citing Wilborn, 789 F.2d at 1331). However, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might *require* the

appointment of counsel do not exist. Id. (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better–particularly in the realms of discovery and the securing of expert testimony.").

Plaintiff bases his request for counsel on the fact that he is temporarily housed in the Alameda County Jail and has limited access to a law library. Mot. at 2. However, recently Defendants sought to modify the Court's scheduling order to allow more time for discovery to be completed after Plaintiff returned to the custody of the California Department of Corrections and Rehabilitation ("CDCR"). See ECF No. 25. This request was granted by this Court. See ECF No. 26. A review of the Court's docket also demonstrates that despite Plaintiff's current housing in the Alameda County Jail, he has been propounding discovery on Defendants without the assistance of counsel. See ECF No. 23.

Thus, at least at this initial pleading stage, the Court finds Plaintiff appears to have an adequate grasp of the facts supporting his excessive force claims, which are common to prison litigation and relatively straightforward. See Terrell, 935 F.2d at 1017; Johnson v. Gentry, 2021 WL 9409168, at *2 (D. Nev. July 27, 2021) (noting prisoner's Eighth Amendment excessive forces claims are not "legally complex."). In fact, as discussed above, Plaintiff's Complaint alleges excessive force claims sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A. Therefore, because he has not satisfied the high standards required to justify the appointment of counsel under 28 U.S.C. § 1915(e)(1), the Court **DENIES** Plaintiff's motion without prejudice.

**IT IS SO ORDERED.**

Dated: 6/30/2025

Hon. Barbara L. Major
United States Magistrate Judge